IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Matthew O. OLAIYA, Attorney at Law.

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Matthew O. OLAIYA, Respondent.

Supreme Court

*No. 00–3352–D. Filed October 30, 2001.*

2001 WI 116

(Also reported in 635 N.W.2d 283.)

ATTORNEY disciplinary proceeding. 

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Attorney Matthew O. Olaiya to practice law in Wisconsin be suspended for six months for professional misconduct. That misconduct consists of abandoning the practice of law; failing to take steps to protect the interests of a client; failing to return an advance payment of a fee that has not been earned; failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter; failing to cooperate with the investigation of the Board of Attorneys Professional Responsibility (Board)[1] in the investigation of a grievance; failing to provide full and fair information regarding the circumstances pertaining to the alleged misconduct; failing to comply with reasonable requests for information; making a misrepresentation in a disclosure to the Board; and revealing information relating to the representation of a client without the client's consent. In addition to the license

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation (OLR) and the supreme court rules applicable to the lawyer regulation system were also revised. Since most of the conduct giving rise to the complaint occurred prior to October 1, 2000, the investigative body will be referred to as "the Board." However, the references to supreme court rules will be to those currently in effect unless specifically noted.

1002

suspension, the referee recommended that Attorney Olaiya pay restitution to two clients and that he pay the costs of the proceeding.

¶ 2. We determine that the seriousness of Attorney Olaiya's professional misconduct warrants a six-month suspension of his license to practice law in Wisconsin and we adopt the referee's recommendations.

¶ 3. Attorney Olaiya was admitted to practice law in Wisconsin in 1984. The misconduct described herein occurred in connection with Attorney Olaiya's prolonged absence from the United States. On or about June 25, 1999, Attorney Olaiya left Wisconsin for an indefinite stay in Lagos, Nigeria, without prior notice to his clients. He thereafter closed his law office in August 1999, again, without prior notice to his clients. Attorney Olaiya apparently returned to Wisconsin briefly in December 1999, but departed the United States on January 24, 2000. Attorney Olaiya has not returned to Wisconsin and currently resides in Nigeria.

¶ 4. By April 2000, the Board had received three grievances from clients of Attorney Olaiya. A fourth grievance was filed against Attorney Olaiya on May 23, 2000.

¶ 5. In December 2000, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Olaiya alleging some fourteen separate violations of supreme court rules based on Attorney Olaiya's alleged professional misconduct with respect to four client matters. Attorney Olaiya filed an answer, which was later stricken for his failure to comply with a discovery order.

¶ 6. The first grievance involved a client who hired Attorney Olaiya to assist with obtaining a visa to enable the client's fiancée to enter the United States. The client paid Attorney Olaiya a $700 retainer. Attor-

ney Olaiya filed the necessary documents but then told the client that he would be "on vacation" for several weeks. After Attorney Olaiya departed for Nigeria, the Department of Immigration and Naturalization Services (INS) returned the visa application to Attorney Olaiya's office indicating that it required some additional information before it could be processed. Attorney Olaiya did not advise his client of this development. He made no arrangements to have the work done. Several months later the client learned of the problem with the visa application and filed a grievance with the Board. Attorney Olaiya did not return the retainer fee.

¶ 7. Attorney Olaiya failed to respond to a letter from a Board staff investigator with respect to this client's case. He also failed to timely respond to a letter the Board staff sent to him by certified mail. He responded belatedly to the grievance in an e-mail message dated June 30, 2000, but his response did not address the specific allegations of misconduct. After being notified by the Board that his response was insufficient, Attorney Olaiya sent another e-mail message, maintaining that his initial response was adequate.

¶ 8. The second matter involved a client who hired Attorney Olaiya to file the necessary documentation to effectuate a change in the client's non-resident alien status. The client prepaid Attorney Olaiya $350 for this service. Attorney Olaiya filed the necessary documents and initially communicated with the client regarding the status of the matter. However, in mid-August 1999, the client learned that Attorney Olaiya had left the country, indefinitely. The client repeatedly tried to contact Attorney Olaiya regarding the status of his case, without success. Attorney Olaiya failed to respond to the client's messages and failed to comply

with the client's request that Attorney Olaiya transfer the file to another attorney.

¶ 9. Attorney Olaiya failed to respond to a letter from a Board staff investigator regarding this grievance. He belatedly responded to this grievance in his e-mail message of June 30, 2000, but generally denied the client's allegations. Again, after being notified by the Board that his response to the grievance was insufficient, Attorney Olaiya sent a follow-up e-mail maintaining that his initial response was adequate.

¶ 10. The third matter involved a corporate client that hired Attorney Olaiya to assist a company employee with an immigration matter. The client directed Attorney Olaiya to take the steps necessary to permit the company's employee, a Mexican citizen, to remain lawfully in the United States and employed by the company. Specifically, Attorney Olaiya was directed to extend the employee's I-94 authorization, to file a petition to extend the employee's status as a non-immigrant worker, and to help her obtain permanent resident status. Attorney Olaiya was also retained to file certain immigration documents on behalf of the employee's husband, also a Mexican citizen. The client paid Attorney Olaiya $2000 as partial prepayment for these legal services.

¶ 11. Attorney Olaiya failed to file any request to extend the employee's I-94 authorization. He failed to respond to the Wisconsin Department of Workforce Development's (DWD) requests for information. Because of Attorney Olaiya's inaction, the DWD closed the file. Attorney Olaiya failed to inform his client that the file was closed due to his inaction. Instead, Attorney Olaiya asked DWD to reopen the file and, when the client requested a status report, Attorney Olaiya informed the client that the DWD had "not gotten" to the

case. Attorney Olaiya also failed to respond to several other agency requests for information regarding this matter and failed to respond to the client's repeated inquiries regarding the status of the matter. Eventually the client filed a grievance.

¶ 12. Attorney Olaiya failed to respond to a letter from a Board staff investigator requesting a response to this client's grievance. Attorney Olaiya also failed to timely respond to a subsequent investigative letter sent by certified mail. In his e-mail message to the Board dated June 30, 2000, Attorney Olaiya did not address the specific allegations of misconduct other than to generally deny any wrongdoing with respect to this client. Again, after being notified by the Board that his response to the grievance was insufficient, Attorney Olaiya sent a follow-up e-mail maintaining that his initial response was adequate.

¶ 13. The fourth matter involved a client who hired Attorney Olaiya to represent the client's sister with respect to her application for political asylum. The client paid Attorney Olaiya a $2500 retainer to provide representation at an asylum hearing scheduled for October 21, 1999, in the State of Minnesota. The client flew to Minnesota for the asylum hearing but no one appeared on the client's behalf and the hearing had to be canceled.[2] Attorney Olaiya failed to respond to the client's follow-up telephone calls or to the client's re-

----

[2] Attorney Olaiya apparently commenced but failed to complete arrangements to have a Minnesota lawyer appear at the hearing. He sent an e-mail to a Minnesota attorney several months before the hearing asking if she accepted referrals. The attorney specifically requested that Attorney Olaiya contact her if he wished her to handle the matter. Months later the client's file was simply dropped off at the Minnesota attorney's office one day before the scheduled hearing.

quest that Olaiya refund the retainer and reimburse the client's travel expenses. Attorney Olaiya did not return the retainer in this matter, nor did he reimburse the client for the travel expenses incurred traveling to the hearing.

¶ 14. By letter dated June 6, 2000, the Board notified Attorney Olaiya of the grievance filed in connection with this matter and requested a written response within twenty days. Attorney Olaiya responded in the June 30, 2000, e-mail message, claiming that he had performed all the services for which he was paid and claiming that the client was uncooperative, owed him money and had not responded to his calls or letters. The e-mail response did not address Attorney Olaiya's failure to appear at the hearing. Attorney Olaiya provided no verification for his claims that the client was uncooperative.[3] After being notified by the Board that his response to the grievance was insufficient, Attorney Olaiya sent a follow-up e-mail message maintaining that his initial response was adequate.

¶ 15. Thereafter Attorney Olaiya failed to respond to the Board's discovery requests and failed to appear for his deposition although written notice was sent to him in Wisconsin and Nigeria. The Board filed a motion to compel Attorney Olaiya's compliance with discovery in this disciplinary proceeding.

¶ 16. Following a hearing on the motion to compel at which Attorney Olaiya did not appear, the referee entered an order requiring Attorney Olaiya to respond to outstanding discovery requests and to appear for his deposition. This order further advised Attorney Olaiya

---

[3] Indeed, the referee later found that the cancelled check and retainer agreement demonstrated that Attorney Olaiya's claim that this client owed Attorney Olaiya money was false and misleading.

that his failure to comply with the order without good cause would result in the issuance of an order striking his answer and causing the issuance of findings of fact and conclusions of law and a recommendation based on the allegations in the complaint. Attorney Olaiya wholly failed to comply with the order.

¶ 17. Attorney Olaiya did not appear at the final scheduling conference on May 29, 2001. Accordingly, the referee issued an order striking the answer and issued findings of fact and conclusions of law consistent with the complaint.

¶ 18. The referee concluded that by abandoning his law practice and thereby failing to protect his clients' interests upon termination of representation with respect to the first and second client, and by failing to return the second client's advance payments of fees that had not been earned, Attorney Olaiya violated SCR 20:1.16(d).[4]

¶ 19. The referee also concluded that by failing to notify the first, third, and fourth clients of various agency demands for further information and/or the need for revisions to filed documents, Attorney Olaiya violated SCR 20:1.3.[5]

---

[4] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

¶ 20. The referee also found that by failing to keep the first, second, and third clients reasonably informed regarding the status of their respective legal matters, Attorney Olaiya violated SCR 20:1.4(a).[6]

¶ 21. The referee found further that by failing to cooperate with the Board's investigation of each of the four grievances Attorney Olaiya violated (former) SCR 21.03(4).[7]

¶ 22. In addition, the referee found that by failing to provide full and fair information regarding the circumstances pertaining to the alleged misconduct in each of the four grievances, Attorney Olaiya violated (former) SCR 22.07(2).[8]

¶ 23. Finally the referee concluded that by causing the fourth client's file to be delivered to another attorney without the client's consent, Attorney Olaiya

[6] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[7] Former SCR 21.03(4) provided that "[e]very attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[8] Former SCR 22.07(2) provided:

> During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

1009

revealed information relating to the representation of a client without the client's consent in violation of SCR 20:1.6.[9]

¶ 24. The referee then concluded that a six-month license suspension was appropriate. The referee also recommended that Attorney Olaiya pay restitution in the amount of $700 to the first client, reflecting the retainer paid by the client for representation with respect to the fiancée visa matter, as well as $2500 to

---

[9] SCR 20:1.6 provides: Confidentiality of information

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d).

(b) A lawyer shall reveal such information to the extent the lawyer reasonably believes necessary to prevent the client from committing a criminal or fraudulent act that the lawyer reasonably believes is likely to result in death or substantial bodily harm or in substantial injury to the financial interest or property of another.

(c) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:

(1) to rectify the consequences of a client's criminal or fraudulent act in the furtherance of which the lawyer's services had been used;

(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

(d) This rule does not prohibit a lawyer from revealing the name or identity of a client to comply with ss. 19.43 and 19.44, Stats. 1985–86, the code of ethics for public officials and employees.

the fourth client reflecting the retainer accepted for his work in the political asylum matter plus an additional $1000 for the travel expenses incurred by the client in connection with the hearing at which Attorney Olaiya failed to appear. The referee did not assess restitution with respect to the other two clients. The referee also recommended that Attorney Olaiya pay the costs of this proceeding.

¶ 25. We adopt the referee's findings of fact and conclusions of law and determine that to be the appropriate discipline for Attorney Olaiya's professional misconduct. We also hold that payment of the restitution shall be treated as a condition of the reinstatement of Attorney Olaiya's license. Attorney Olaiya's misconduct with respect to his handling of the four client matters and his failure to cooperate with the Board's investigation are serious failings warranting a suspension of his license. A six-month suspension of his license to practice law is appropriate discipline for his professional misconduct.

¶ 26. IT IS ORDERED that the license of Matthew O. Olaiya to practice law in Wisconsin is suspended for a period of six months, effective December 4, 2001.

¶ 27. IT IS FURTHER ORDERED that Matthew O. Olaiya comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 28. IT IS FURTHER ORDERED that Matthew O. Olaiya refund $700 to the first client, and that he refund $2500 to the fourth client. In addition, he shall reimburse the fourth client $1000 for travel expenses. If these refunds and reimbursement are not made within

60 days from the date of this order, the license of Matthew O. Olaiya to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order Matthew O. Olaiya pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Matthew O. Olaiya to practice law in Wisconsin shall remain suspended until further order of the court.